[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13698
Non-Argument Calendar
_____

Agency No. A-12-32

BIBB MEDICAL CENTER NURSING HOME,

Petitioner,

versus

DEPARTMENT OF HEALTH AND HUMAN
SERVICES,

Respondent.

_____

Petition For Review of a Decision of the
Department of Health and Human Services

_____

(February 26, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

This case comes to us on a petition for review of a final decision of the Secretary of the United States Department of Health and Human Services ("the Secretary") issued by the Secretary's Departmental Appeals Board ("the Board") that affirmed an administrative law judge's ("ALJ") finding that petitioner , Bibb Medical Center Nursing Home ("nursing home"), was not in substantial compliance with federal health and safety standards and that the noncompliance posed immediate jeopardy to its residents' health and safety.  The Board affirmed the ALJ's decision, concluding that it was supported by substantial evidence and free from legal error.  More specifically, the Board determined that the ALJ had applied the correct legal standards in finding that the immediate jeopardy determination was not clearly erroneous.

Any person adversely affected by a determination of the Secretary may file a petition for review in the appropriate court of appeals within 60 days of the Secretary's decision.  42 U.S.C. §§1320a--7a(e), 1395i-3(h)(2)(B)(ii).  The findings of the Secretary are conclusive "as supported by substantial evidence on the record considered as a whole."  *Id.* §1320a-7a(e).  Substantial evidence means such evidence "as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (internal quotation marks omitted) (1971); *see also, Fla. Med. Ctr. of Clearwater, Inc. v. Sebellius*, 614 F.3d 1276, 1280 (11th Cir. 2010) (the court must "abide" by

2

the Secretary's decisions unless they are "arbitrary, capricious, an abuse of discretion . . . or unsupported by substantial evidence in the record taken as a whole.") (internal quotation marks omitted).

In this case, the record demonstrates that Resident 1 had a history of developing pressure sores during her stay in the nursing home. In October 2010, Resident 1 developed sores that were not properly reported, treated, or prevented. As a result, the Centers for Medicare and Medicaid Services ("CMS") found the nursing home not in compliance with the minimum federal standards and imposed a $3,550 per day civil monetary penalty ("CMP") from October 7, 2010, through November 13, 2010. The nursing home did not dispute the noncompliance, nor did it dispute the amount of the CMP imposed or CMS's finding concerning the duration of noncompliance. Instead, the nursing home challenged CMS's determination that the noncompliance posed immediate jeopardy. The ALJ and the Appeals Board disagreed and found that the nursing home failed to prevent and properly treat the serious pressure sores on Resident 1's heels. The Appeals Board's focus was not on an instance of failing to provide care to an individual resident, but on whether the noncompliance evidence by one or more failures was likely to cause serious injury or harm to a resident if not corrected.

After reviewing the record and reading the parties briefs, we conclude that the nursing home has failed to show that the Secretary's immediate jeopardy

3

finding is clearly erroneous.  Moreover, we conclude the Secretary's finding of immediate jeopardy is supported by substantial evidence in the record.  Immediate jeopardy exists if the nursing home's noncompliance has caused or is likely to cause "serious injury, harm, impairment or death to a resident."   42 C.F.R. § 488.301.  "[T]he regulation only requires that the nursing home's noncompliance is likely to cause harm to 'a resident.'"  *Liberty Commons Nursing & Rehab. Ctr. – Johnston v. Leavitt*, 241 F. App'x. 76, 80 (4th Cir. 2007) (citing 42 C.F.R. 488.301).  Actual harm is not a prerequisite for an immediate jeopardy finding.  *Id.*

Accordingly, for the aforementioned reasons, we deny the petition for review.

PETITION DENIED.

4